IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DARREN-JAMES MICHAELS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 10-207 Erie |
| | ) | |
| NCO FINANCIAL SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiff Darren-James Michaels, *pro se*, commenced this action against Defendant NCO Financial Systems Inc. ("NCO") alleging several causes of action including two which allege violations of two federal statutes, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et. seq.* Presently pending before this Court, *inter alia*, is defendant's Motion to Dismiss. For the reasons stated herein, we grant the motion in part and deny it in part.

I.  Background

On or about July 9, 2009, Mr. Michaels received a letter from NCO, which stated that Citifinancial Auto had placed an account with NCO's Horsham, Pennsylvania office for collection. Pl.'s Compl. at ¶ 12. The letter noted an account balance past due of $447.88. *Id.* at ¶ 13. Mr. Michaels claims that he never possessed an auto loan through Citifinancial Auto however, and that the letter constituted a scheme to defraud him through deceptive business practices. *Id.* at ¶¶ 14, 66. In a letter sent to NCO dated July 20, 2009, Mr. Michaels requested that NCO validate the underlying debt. *Id.* at ¶ 18. Mr. Michaels alleges that NCO did not validate the debt, but closed the account and notified Mr. Michaels of the closure on October 13,

1

2009. *Id.* at ¶ 23. *Inter alia*, Mr. Michaels seeks civil penalties arising from the alleged FDCPA and FCBA violations. *Id.* at ¶¶ 105, 106. He also alleges several causes of action under Pennsylvania law. *Id.* at ¶¶ 43, 46, 49, 53, 58, 71, 76, 82.

In its Motion to Dismiss, NCO asserts that these claims are barred by the applicable statute of limitations, specifically, the alleged FDCPA violation. Memorandum of Law in Support of NCO Financial Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon Which Relief Can Be Granted, Pursuant to Fed. R. Civ. P. 12(b)(6) ("NCO's Motion to Dismiss") (Doc. 7 at 4-5). With respect to the alleged FCBA violation, NCO asks this Court to dismiss the claim as an "indecipherable and implausible jumble of labels and conclusions," which cannot raise it above a speculative level. NCO's Motion to Dismiss at 6.

In response, Mr. Michaels argues that NCO has incorrectly applied the one-year statute of limitations of the FDCPA. Plaintiff's Cross Motion to Strike Defendant's Motion to Dismiss ("Pl.'s Motion to Strike") (Doc. 5 at ¶ 4). NCO argues that the limitations period begins on the date of the allegedly fraudulent letter, July 4, 2009. NCO's Motion to Dismiss at 4. Mr. Michaels filed his complaint herein on August 25, 2010. Mr. Michaels argues that the limitations period was tolled until the alleged debt was validated by NCO. Pl.'s Motion to Strike at ¶ 5. Mr. Michaels does not address the assertion that his FCBA claim is fatally speculative.

## II. Standard of Review under 12(b)(6)

In ruling on a Rule 12(b)(6) motion a court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d 224, 233 (3d Cir. 2008), *quoting Pinker*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and *citing Twombly*, 550 U.S. 544, 563 n.8 (2007). To withstand a motion to dismiss under Rule 12(b)(6),

2

the Complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Phillips*, 515 F.3d at 234, *quoting Twombly*, 550 U.S. at 555. "'Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.*, *quoting Twombly*, 550 U.S. at 556. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of "the necessary element.'" *Phillips*, 515 F.3d at 234, *quoting Twombly*, 550 U.S. at 556.

Since Mr. Michaels has filed *pro se*, his complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

The FDCPA claim is time-barred, and we accordingly grant its dismissal. The FCBA claim that we must liberally construe has been raised above a speculative level, and we accordingly deny its dismissal.

### A. The FDCPA Claim

FDCPA claims must be brought within one year from the date on which the violation occurs. 15 U.S.C. 1692k(d). Contrary to Mr. Michaels assertion, the Florida statute of limitations does not apply to the FDCPA action. The letter upon which Mr. Michaels bases his FDCPA claim was dated July 4, 2009, and received on or about July 9, 2009. He filed his claim more than one year later on August 25, 2010. In cases involving alleged violations of § 1692e, that is, claims involving false representations of "the character, amount, or legal status of any debt," the limitations period has been found to begin on the date the creditor mails the collection letter. *Agosta v. Inovision, Inc.*, 2003 WL 23009357, at *6 (E.D. Pa. 2003); *Mattson v. U.S. West*

*Communications, Inc.*, 967 F.2d 259, 262 (8th Cir. 1992); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995). However, at least one court has indicated that the limitations period might begin on date that the debtor receives the collection letter. *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2nd Cir. 1992). We need not decide when precisely the limitations period begins here because under either interpretation, Mr. Michaels' claim is time-barred since he filed his claim on August 25, 2010 and he admits that he received the letter more than one year prior, on or about July 9, 2009. (Doc. 1, Complaint at ¶ 12).

The limitations period does not toll, as Mr. Michaels asserts, until the alleged debt is validated, or as this case would have it, invalidated. The limitations period begins when the violation occurs, not when the violation is verified. 15 U.S.C. § 1692k(d). Other courts have refused to apply equitable tolling when there was no evidence that the defendant actively misled the plaintiff, via "ruse and artifice," from timely filing an FDCPA complaint against them. *See Parker v. Pressler & Pressler, LLP*, 650 F.Supp.2d 326, 339 (D. N.J. 2009). Mr. Michaels does not so allege. He admits he received the subject letter on July 9, 2009. For these reasons, we hold that Mr. Michaels' FDCPA claim is time-barred and accordingly dismiss.

### B. The FCBA Claim

Nevertheless, we deny dismissal of Mr. Michael's FCBA claim. When obligors send notice to creditors stating that they believe a statement of their account contains a billing error, creditors are obligated to send a written acknowledgement of receipt of that notice within thirty days. 15 U.S.C. § 1666(a)(A). Mr. Michaels plainly alleges a violation of 15 U.S.C. § 1666(a) in his complaint. Pl.'s Compl. at ¶ 68. His allegation is not an indecipherable jumble of labels and conclusions as NCO contends. While Mr. Michaels alleges an FCBA violation based upon an untimely verification of his disputed debt, and not an untimely acknowledgment of receipt of

4

his notice to NCO, Mr. Michaels is appearing before this Court *pro se*. As such, his complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Accordingly, we hold that Mr. Michaels has properly pled his FCBA claim, and we therefore deny its dismissal.

We note that Mr. Michaels has alleged violations of numerous other statutes and state laws, all alleged to have arisen out of receipt of the subject July 4, 2009 collection letter. Although the defendant has asked us to draw on our judicial experience to dismiss these claims as frivolous and indecipherable, we hesitate to do so given Mr. Michaels pro se status. Accordingly, we will enter an order asking the defendants to respond to the remaining causes of action with particularity.

### C. Remaining pending motions

In his motion to strike the motion to dismiss, we note that Mr. Michaels makes substantive arguments in opposition to the motion to dismiss, which we have carefully reviewed in deciding the merits of defendant's motion to dismiss. The motion to strike in and of itself is without merit and we will deny it. Federal Rule of Civil Procedure 12(f) states, in relevant part, that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa.2002); *Sepracor Inc. v. Dey, L.P.*, No. 06–113–JJF, 2008 WL 4377570, at *2 (D. Del. Sept. 26, 2008). Motions to strike are generally disfavored and ordinarily are denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney*, 244 F.Supp.2d at 402. When ruling on a motion to strike, "the [c]ourt must construe

5

all facts in favor of the nonmoving party ... and deny the motion if the defense is sufficient under law." *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F.Supp. 1360, 1362 (D.Del.1988). NCO's response to plaintiff's complaint in the form of a motion to dismiss was proper and permissible under the rules and does not meet the requirements of Fed. R. Civ. P. 12(f).

Mr. Michaels has also asked that we strike the defendant's brief in opposition to his motion to strike and further, argues that NCO's failure to file the brief in a timely fashion should result in an entry of default judgment against the defendant. Said brief was due to be filed on or before November 12, 2010 but was instead filed on November 17, 2010. We find that this minor delay does not prejudice the plaintiff and does not rise to the level of the extreme measures requested by plaintiff.

Mr. Michaels has also filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and we will deny it as premature without prejudice. The court will enter a proper scheduling order at a later date and any motions for summary judgment may be filed in accordance with that schedule. At this stage of the litigation, we cannot determine what material facts are and are not genuinely at issue, the defendant having disputed the legal sufficiency of the Complaint itself, and the defendant has not been afforded an opportunity to seek discovery, defend and properly respond.

Mr. Michaels has also filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), although his motion cites to case law which is applicable to Fed. R. Civ. P. 56., presumably because Mr. Michaels request that we consider certain facts and statements which he attached to his court filings. Fed. R. Civ. P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings are "closed" after the complaint and answer are filed,

along with any reply to additional claims asserted in the answer. *See Owens v. Horn*, Civil Action No. 3:02-CV-0356, 2006 WL 1620220, at * 1 (M.D. Pa. June 7, 2006); *Williams v. Walnut Park Plaza*, 68 F.Supp. 957, 958 (E.D. Pa.1946); Fed. R. Civ.P. 7(a). Moreover, as with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion, the court generally does not consider matters outside the pleadings. *Mele v. Federal Reserve Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004). NCO has not yet filed an answer. Therefore, because this motion was filed prematurely before the pleadings are closed, and because Mr. Michaels improperly requests that we consider matters outside the pleadings, it will be denied.

In response to three of the plaintiff's motions, defendant NCO has filed a motion to strike the (1) motion for summary judgment; (2) motion for judgment on the pleadings; and (3) motion to strike defendant's brief in opposition or, in the alternative, a motion to stay the courts consideration of all motions filed by plaintiff until we rule on the NCO's motion to dismiss. Having addressed these pending motions, we will deny the defendant's motion to strike as moot.

In response to defendant's motion to strike, plaintiff has filed a cross motion to strike the motion to strike, which we will deny as moot as well.

Mr. Michaels has also filed a motion for trial by jury pursuant to Fed. R. Civ. P. 38. Mr. Michaels appears to be concerned that he should have filed a separate document: "a separate pleading, for a trial by jury under [Rule 38], was not attached to the original complaint submitted to the defendant and to the court but was stated in his original complaint." (Doc. 18, ¶ 1). NCO does not appear to dispute this issue. We note that on the civil cover sheet (JS 44), Mr. Michaels has checked the box "Yes" as to "Jury Demand." (Doc. 1-7). In addition, we note that the cover page to his Complaint lists that a "Jury Trial Demanded." (Doc. 1 at 1), ¶ 110 of the Complaint states that he demands a trial by jury to determine punitive damages pursuant to Fed. R Civ. P.

38, and ¶114 of the Complaint states that he "reserves the right for jury trial for punitive damages." We find that Mr. Michaels has preserved his claim that under the Seventh Amendment he has a right to a trial by jury; the rules state that the demand "may be included in a pleading." Fed. R. Civ. P. 38(b)(1); *Ring v. Spina*, 166 F.2d 546 (2nd Cir. 1948).

Finally, we note that Mr. Michael's complaint is in violation of Local Rule 8, which states that "[n]o party shall set forth in a pleading originally filed with this Court a specific dollar amount of unliquidated damages in a pleading except as may be necessary to invoke the diversity jurisdiction of the Court or otherwise comply with any rule, statute or regulation which requires that a specific amount in controversy be pled in order to state a claim for relief or to invoke the jurisdiction of the Court." Mr. Michaels has asserted an inventory of damages totaling $1,960,400. Accordingly, the reference to the specific amount of damages will be stricken from the Complaint.

## IV. Conclusion

Accordingly, for the reasons state herein, we will enter an order granting in part and denying in part defendants motion to dismiss, requiring dismissal of the FDCPA claim. In addition we will order that the defendant file a responsive pleading. All other pending motions discussed *supra* will be denied, with the exception of the motion for a jury trial.

Date: June 28, 2011

Hon. Maurice B. Cohill, Jr.
Senior United States District Court Judge

8